**MORGAN, LEWIS & BOCKIUS LLP**
*(Pennsylvania Limited Liability Partnership)*
502 Carnegie Center
Princeton, New Jersey 08540-7814
Terry D. Johnson
Jason J. Ranjo
(609) 919-6669

Grace E. Speights (*pro hac vice* forthcoming)
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
(202) 739-5189

*Attorneys for Defendants JPMorgan Chase Bank, N.A. and James Dimon*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WANDA WILSON,<br><br>                               Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE, JAMES DIMON, individually and in his official capacity, JANE and/or JOHN DOES 1-10, and XYZ Entities 1 to 10.<br><br>                               Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>*ELECTRONICALLY FILED* |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants JPMorgan Chase Bank, N.A. ("JPMC") (incorrectly identified in the Complaint as "JPMorgan Chase") and James Dimon ("Mr. Dimon") (collectively, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby removes this action to the United

States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Essex County. The grounds for removal are as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows: Plaintiff Wanda Wilson ("Plaintiff") stated in her complaint that she resides at 15 Martin Lane, Township of Piscataway, New Jersey. Plaintiff is represented by Linda J. Niedweske, Esq. and Jessica L. Mariconda, Esq. of the law firm Niedweske Barber LLC, located at 98 Washington Street, Morristown, New Jersey 07960. Defendant JPMC is a national banking association organized under the laws of the United States. Its main office is located at 1111 Polaris Parkway, Columbus, Ohio, as that is where the corporation's officers direct, control, and coordinate its activities. *See Hope v. U.S. Bank NA*, No. CV 12-00297-PHX-FJM, 2012 WL 1292464, at *1 (D. Ariz. Apr. 16, 2012) (JPMC's main office is in Ohio). Mr. Dimon's business address is 270 Park Avenue, New York, New York 10017. Defendants are represented by the undersigned attorneys from Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

**Procedural History**

2. Plaintiff commenced this action on August 1, 2018, by filing a Complaint and Jury Demand against Defendants in the Superior Court of New Jersey, Law Division, Essex County, captioned as *Wanda Wilson v. JPMorgan Chase, et al.*, Docket No. ESX-L005407-18 (the "Complaint"). In the Complaint, Plaintiff alleges violations of the New Jersey Law Against Discrimination ("LAD") and common law torts – *i.e.*, negligent and intentional infliction of emotional distress. A true and correct copy of the Original Complaint is attached hereto as Exhibit A.

3. On August 13, 2018, Defendants, through the undersigned counsel, accepted service of the Complaint. A true and correct copy of Defendants' Acknowledgment of Service, as filed in the Superior Court of New Jersey, Essex County, is attached hereto as Exhibit B.

4. No other proceedings have been held in the Superior Court of New Jersey, and the documents attached as Exhibits A and B constitute all processes and pleadings filed in the Superior Court of New Jersey in this matter.

### Grounds for Removal

5. Defendants remove this action pursuant to 28 U.S.C. § 1441(b) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is an action between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

### Diverse Citizenship

6. Plaintiff is a citizen of the State of New Jersey. *See* Compl. ¶ 1.

7. Mr. Dimon is a citizen of the State of New York.

8. JPMC is a citizen of Ohio because its articles of association establish that location as its main office. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

9. Thus, this matter is between citizens of different states.

### Amount in Controversy

10. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. Plaintiff alleges that she is entitled to damages including past, present, and future wages and benefits. *See* Compl., pp. 20, 23, 25. While Plaintiff does not quantify the amount of damages she is seeking to recover, it does not appear to a legal certainty she cannot recover at least $75,000.00. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding

where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the "case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"). Plaintiff further seeks to recover unquantified emotional distress damages, attorneys' fees, and punitive damages. *See* Compl., pp. 20-26. Courts must consider punitive damages in determining the amount in controversy, and a request for such damages "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004), *overruled in part on other grounds by Marshall v. Marshall*, 547 U.S. 293 (2006); *see Frederico*, 507 F.3d at 199.

11. Accordingly, Defendants remove this action pursuant to 28 U.S.C. § 1441 on the basis that the above-captioned matter is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), in that it is a suit between citizens of different states and in that the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

**Venue**

12. The United States District Court for the District of New Jersey is the judicial district embracing the place where the state court action was brought and is pending and is therefore the proper district court to which this case should be removed. 28 U.S.C. § 1441(a).

**Timeliness of Removal**

13. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the date on which counsel for Defendants accepted service of the Complaint and is therefore timely.

**All Defendants Consent to Removal**

14. All named Defendants consent to the removal of this action.

**Written Notice**

15. In accordance with 28 U.S.C. § 1446(a), Defendants have contemporaneously filed with this Court copies of all process, pleadings, and orders served upon Defendants in the state court action.  *See* Exhibits A and B.

16. In accordance with 28 U.S.C. § 1446(d), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, and will promptly give written notice to Plaintiff by contemporaneously serving the Notice of Removal (and all exhibits attached thereto) on counsel for Plaintiff.

17. By filing a Notice of Removal in this matter, Defendants do not waive their rights to assert any and all defenses and/or objections in this case.  The undersigned are counsel for and are duly authorized to effect removal on behalf of Defendants.

**WHEREFORE,** Defendants respectfully request that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed to the United States District Court for the District of New Jersey, and that said Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

-6-

Dated: September 11, 2018	**MORGAN, LEWIS & BOCKIUS LLP**

<u>s/ Jason J. Ranjo</u>
Terry D. Johnson
Jason J. Ranjo
502 Carnegie Center
Princeton, New Jersey 08540
Telephone:  (609) 919-6669
Facsimile:  (609) 919-6701
terry.johnson@morganlewis.com
jason.ranjo@morganlewis.com

Grace E. Speights (*pro hac vice* forthcoming)
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:  (202) 739-5189
Facsimile:  (202) 739-3001
grace.speights@morganlewis.com

*Attorneys for Defendants JPMorgan Chase Bank, N.A. and James Dimon*

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the underlying state court action, which is being removed.

| | |
|---|---|
| Dated: September 11, 2018 | MORGAN, LEWIS & BOCKIUS LLP |
| | |
| | s/ Jason J. Ranjo |
| | Terry D. Johnson |
| | Jason J. Ranjo |
| | 502 Carnegie Center |
| | Princeton, New Jersey 08540 |
| | Telephone: (609) 919-6669 |
| | Facsimile: (609) 919-6701 |
| | terry.johnson@morganlewis.com |
| | jason.ranjo@morganlewis.com |
| | |
| | Grace E. Speights (*pro hac vice* forthcoming) |
| | 1111 Pennsylvania Ave. NW |
| | Washington, DC 20004-2541 |
| | Telephone: (202) 739-5189 |
| | Facsimile: (202) 739-3001 |
| | grace.speights@morganlewis.com |
| | |
| | *Attorneys for Defendants JPMorgan Chase Bank, N.A. and James Dimon* |

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing Notice of Removal (with attached exhibits) was electronically filed via ECF and served via FedEx and electronic mail on the following:

Linda J. Niedweske, Esq.
Jessica L. Mariconda, Esq.
NIEDWESKE BARBER LLC
98 Washington Street
Morristown, New Jersey 07960
*Attorneys for Plaintiff*

Dated: September 11, 2018             s/ Jason J. Ranjo
                                       Jason J. Ranjo