**Not for Publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WANDA WILSON,

        *Plaintiff*,

v.

JPMORGAN CHASE, JAMES DIMON, individually and in his official capacity, JANE and/or JOHN DOES 1-10, and XYZ Entities 1 to 10,

        *Defendants*.

Civil Action No. 18-13789
(JMV) (JBC)

**OPINION**

**JOHN MICHAEL VAZQUEZ, U.S.D.J.**

    Presently before the Court is a motion filed by Defendants JPMorgan Chase Bank N.A. ("JPMC") and James Dimon (collectively "Defendants") to dismiss the matter or, in the alternative, transfer venue to the Southern District of New York. D.E. 23. Defendants seek to dismiss Plaintiff Wanda Wilson's Amended Complaint ("Am. Compl."), which alleges employment race discrimination, hostile work environment, and retaliation in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). *See* Am. Compl., D.E. 20. The Court reviewed the parties' submissions[1] and

---

[1] On February 13, 2020, the Court granted Defendants' request for leave to file an amended memorandum of law in support of their motion to dismiss, D.E. 32, and Defendants filed the amended memorandum the following day, D.E. 33. The amended memorandum does not impact Defendants' legal arguments. As a result, the Court relies on Plaintiff's initial memorandum of law in opposition, D.E. 26, and Defendants' reply brief, D.E. 27. For purposes of this opinion, Defendants' amended memorandum is referred to as "Defs. Br."; Plaintiff's opposition is referred to as " Plf. Opp."; and Defendants' reply brief is referred to as " Defs. Reply."

decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the matter will be transferred to the Southern District of New York.

## I. FACTUAL[2] AND PROCEDURAL BACKGROUND

This case involves allegations that Plaintiff, an African American woman who worked at JPMC, was subjected to a racially motivated hostile work environment, discrimination and retaliation by Defendants. For purposes of the pending motion, the Court does not retrace this case's full factual and procedural history. The Court instead incorporates by reference the detailed background in its August 28, 2019 Opinion and Order (the "Aug. 28 Opinion"), which dismissed Plaintiff's Complaint in its entirety for failure to state a claim. D.E. 18, 19.

Plaintiff commenced this action against Defendants on August 1, 2018 in the Superior Court of New Jersey. The Complaint asserted the following claims: (1) racially hostile work environment under the New Jersey Law Against Discrimination ("NJLAD), (2) race discrimination under the NJLAD, (3) retaliation under the NJLAD, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, and (6) individual liability under the NJLAD against Defendant Dimon. Compl. ¶¶ 115-152. Defendants then removed the case to this Court. D.E. 1.

On October 2, 2018, Defendants filed a motion to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 9. In her opposition brief, Plaintiff voluntarily withdrew her intentional and negligent infliction of emotional distress claims. D.E. 16 at 5. On August 28, 2019, this Court granted Defendants' motion because Plaintiff failed to allege

---

[2] The factual background is taken from the Amended Complaint. When reviewing a motion to dismiss for improper venue, a court accepts as true all well-pleaded facts in the complaint unless they are contradicted by a defendant's affidavits. *Shah v. Centurum, Inc.*, No. 10-2015, 2011 WL 1527334, at *2 (D.N.J. Apr. 20, 2011) (quoting *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003)) (internal quotation marks omitted).

that she worked for JPMC in New Jersey, and the NJLAD only applies to employees who work in New Jersey. Aug. 28 Opinion at 9. Accordingly, Plaintiff's Complaint was dismissed in its entirety, but Plaintiff was granted leave to file an amended pleading. *Id.* at 11.

On September 25, 2019, Plaintiff filed her Amended Complaint. In the Amended Complaint, Plaintiff alleges that she worked at JPMC's New York City executive offices prior to her termination. Am. Compl. ¶ 12. In addition, the Amended Complaint asserts claims pursuant to the NYSHRL and the NYCHRL, and omits all claims pursuant to the NJLAD. *Id.* ¶¶ 116-68. Defendants now seek to dismiss the Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6) or, in the alternative, transfer the matter to the Southern District of New York.

## II.   LEGAL STANDARD

Federal Civil Rule of Procedure 12(b)(3) permits a court to dismiss a matter that is filed in an improper venue. 28 U.S.C. § 1391(b) provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

The "defendant[s]…bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). When deciding a motion for improper venue, the Court "accepts the plaintiffs['] well-pled allegations regarding venue as true, . . . draws all

3

reasonable inferences from those allegations in the plaintiffs['] favor, and . . . resolves any factual conflicts in the plaintiffs['] favor[.]" *Shah v. Centurum, Inc.*, No. 10-2015, 2011 WL 1527334, at *2 (D.N.J. Apr. 20, 2011) (quoting *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003)) (internal quotation marks omitted). However, "[a] court need not accept the plaintiff's well-pled factual allegations when they are contradicted by the defendant's affidavits." *Id.* (citing *AGA S'holders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 842 (N.D. Ill. 2006)). In fact, a court can go beyond the pleadings and "examine facts outside the complaint to determine whether its venue is proper." *Id.* (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1352, at 324 (3d ed. 2004)) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Waiver of Rule 12(b) Defenses

Plaintiff first argues that Defendants waived their right to seek dismissal for lack of improper venue because they failed to raise this argument in their first motion to dismiss. Plf. Br. at 10-12. Rule 12(h) provides that a defendant waives certain Rule 12(b) defenses, including improper venue, by failing to assert the defense in an initial motion to dismiss. Fed. R. Civ. P. 12(h). The defense, however, must have "been available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g).

Defendants only sought to dismiss Plaintiff's initial complaint for failure to state a claim pursuant to Rule 12(b)(6). Defendants did not argue that New Jersey was an improper venue. *See* D.E. 9-1. But Plaintiff's initial Complaint asserted claims under the NJLAD and did not plead that Plaintiff worked in New York. In contrast, the Amended Complaint clarifies that Plaintiff worked at JPMC's executive offices in New York City and only asserts claims under New York law. *See* Am Compl. ¶¶ 12, 116-68. Accordingly, improper venue was not a legitimate defense with respect

to the initial Complaint because it was not clear where the alleged wrongful conduct occurred. Under Section 1391(b)(2), the purported location of the wrongful acts are critical to a proper venue analysis. Defendants, therefore, did not waive this defense by failing to assert it in their initial motion to dismiss.[3] *See Allen v. N.J. State Police*, No. 16-1660, 2017 WL 5714707, at *4 (D.N.J. Nov. 28, 2017) (concluding that the defendants did not waive their "collateral estoppel defense because there were insufficient facts in the initial Complaint to indicate that the defense was necessary or possible"). Accordingly, the Court will address the merits of Defendants' venue argument.

### B. Venue Analysis

For purposes of determining venue, an individual resides "in the judicial district in which the person is domiciled." 28 U.S.C. § 1391(c)(1). Defendants represent that Dimon is domiciliary of New York. Defs. Br. at 17 n.3. Plaintiff provides no facts to establish otherwise and does not even argue that venue is proper under Section 1391(b)(1). Consequently, because Dimon does not reside in New Jersey, New Jersey is not a proper venue under Section 1391(b)(1).

Turning to Section 1391(b)(2), Defendants argue that New Jersey is an improper venue because none of the alleged events that give rise to Plaintiff's claims occurred in New Jersey. Defs. Br. at 17-19. Section 1391(b)(2) provides that a case may be brought in a district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). To make this determination, courts look at the nature of the dispute and "the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F.

---

[3] Defendants also maintain that they did not waive this defense because the Amended Complaint supersedes the original Complaint, rendering the original Complaint of no legal effect. Defs. Reply at 7. But "the filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading." *Hull v. Global Digital Solutions, Inc.*, No. 16-5153, 2018 WL 4380999, at *11 (D.N.J. Sept. 14, 2018).

App'x 157, 161 (3d Cir. 2012) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).  "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough."  *Cottman Transmission Sys., Inc.*, 36 F.3d at 294.

In this instance, the conduct that gives rise to Plaintiff's employment discrimination claims largely occurred in New York.  Namely, Plaintiff's allegations that pertain to her hostile work environment claims occurred at JPMC's executive offices in New York City; the Town Hall meetings where Dimon told employees to email him about employment issues occurred in New York; and the employment decisions with respect to Plaintiffs' long-term leave and ultimately, her termination were also made in New York.  This alleged conduct forms the basis of Plaintiff's claims.

Plaintiff contends that venue is proper in New Jersey because from June 14, 2018 onwards, most of the communication between Plaintiff and JPMC occurred while Plaintiff was at her New Jersey home.  Plf. Opp. at 16.  This argument was rejected in *Taube v. Common Goal Systems, Inc.*, No. 11-2380, 2011 WL 5599821, at *4 (D.N.J. Nov. 1, 2011), *report & recommendation adopted*, No. 11-2380, 2011 WL 5825792 (D.N.J. Nov. 16, 2011).  *Taube* also involved employment discrimination claims; the plaintiff lived in New Jersey and worked as an outside sales representative for the defendant, an Illinois based company.  *Id.* at *1.  The court recognized that the plaintiff communicated with the defendant from New Jersey by way of telephone and email.  The court determined, however, "such events, at best, have a 'tangential connection' with the parties' dispute surrounding whether she was discriminated against based on her gender or pregnancy."  *Id.* at 4.  Consequently, the court determined that New Jersey was an improper venue because a substantial amount of the allegedly wrongful conduct occurred in Illinois.  *Id.*; *see also Yacovella v. Apparel Imports, Inc.*, No. 14-5484, 2015 WL 5098009, at *4 (D.N.J. Aug. 31, 2015)

(finding that a substantial amount of the alleged wrongful conduct occurred in Florida because the decision to terminate, as well as the drafting and mailing of the termination letter, occurred in Florida).

Here, from April 19, 2017, when Plaintiff took a medical leave of absence, until she was terminated on June 14, 2018, JPMC directed all communications with Plaintiff to Plaintiff's residence in New Jersey. But like *Taube*, Plaintiff's communications from New Jersey do not form a substantial amount of the alleged wrongful acts. Again, Plaintiff's allegations of hostile work environment involve conduct that occurred in New York, and JPMC's employment decisions were also made in New York. As a result, because a substantial part of the events giving rise to Plaintiff's claims did not occur in New Jersey, it is not a proper district under § 1391(b)(2).

Finally, Section 1391(b)(3) is inapplicable because it appears that Plaintiff could have asserted this matter in the Southern District of New York. A substantial amount of the events that resulted in Plaintiff's claims occurred in Manhattan, such that venue is proper under Section 1391(b)(2). Moreover, both Defendants may reside in New York for venue purposes, making a New York proper for venue pursuant to Section 1391(b)(1). *See J.S. v. Dalton Schools, Inc.*, No. 18-10258, 2019 WL 161507, at *4 (D.N.J. Jan. 9, 2019) (explaining that because an alternate venue exists, Section 1391(b)(3) was inapplicable).

If a matter does not fall into a Section 1391(b) category, venue is improper and the case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).[4] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue. *See Konica Minolta, Inc. v. ICR Co.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015). But

---

[4] § 1406(a) provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"dismissal is considered to be a harsh remedy and transfer of venue to another district court in which the action could originally have been brought[] is the preferred remedy." *Id.* (quoting *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998)).

Because New Jersey is not a proper venue under any of the Section 1391(b) categories and transferring a case is the preferred remedy, the Court will transfer this matter to the Southern District of New York pursuant to Section 1406(a). *Atl. Marine Const. Co., Inc.*, 134 S. Ct. at 577. A district court may transfer a case to a district in which it could have been brought. 28 U.S.C. § 1406(a). As noted, the Southern District of New York is at a minimum, a proper venue under § 1391(b)(2), and almost certainly has personal jurisdiction over both Defendants.[5]

### IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (D.E. 23) is **GRANTED** as to Defendants' venue argument. But rather than dismiss the matter, this case is transferred to the Southern District of New York pursuant to 28 U.S.C. § 1406(a). The remainder of Defendants' motion to dismiss is **DENIED** without prejudice so that Defendants may reassert them in the Southern District of New York if they deem it appropriate. An appropriate Order accompanies this Opinion.

Dated: June 15, 2020

                                                              _____
                                                              **John Michael Vazquez, U.S.D.J.**

---

[5] Because the Court is transferring this matter, it will not address the parties' arguments for dismissal pursuant to Rule 12(b)(2) or (6), or change of venue pursuant to 28 U.S.C. § 1404(a).

8